## Mary McElherne v. Michael Maher.

1. CONTRACTS—*Requisites of a Recovery Upon.*—A entered into a contract with B for the purchase of certain real estate, and made a payment on account. In an action to recover such payment there was no evidence that A ever offered or was ready to perform the contract, that he ever demanded the money back, or that he ever rescinded or offered to rescind the contract. *Held,* that he was not entitled to recover.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

West Chicago St. R. R. Co. v. Ranstead.

M. V. GANNON, attorney for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

A written contract for the sale by appellant to appellee of certain real estate for the sum of $4,900 was made on October 21, 1890, and $75 as part payment thereon was made by appellee at the same time, and on February 25, 1891, such contract was filed for record in the recorder's office by the appellee.

This suit to recover back said sum of $75 was begun by appellee before a justice of the peace, where, being defeated, he appealed to the Circuit Court, and there recovered the judgment for said $75 which is appealed from.

The judgment is wrong. There was no evidence that appellee ever offered or was ready to perform the contract upon which he paid the money, and there was no evidence that he ever demanded back the money, or that he ever rescinded or offered to rescind the contract. Upon the other hand, the filing for record by him of the contract, and making no offer to release it until after verdict, evidenced an intention on his part to treat it as in full force.

Under such circumstances, appellee was not entitled to recover, and the judgment will be accordingly reversed and the cause remanded.